FORBES S. ADAM *v.* CONNECTICUT MEDICAL EXAMINING BOARD ET AL.

BROWN, C. J., JENNINGS, BALDWIN, O'SULLIVAN and DALY, Js.

Argued November 15, 1950—decided February 27, 1951

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellants-appellees (defendants).

*James W. Carpenter,* with whom was *David Cramer,* for the appellant-appellee (plaintiff).

O'SULLIVAN, J. On November 12, 1947, the state commissioner of health filed with the named defendant, hereinafter to be called the board, a verified complaint charging the plaintiff with improper conduct in his practice as a physician and surgeon. The complaint was served upon the plaintiff, and he was summoned to appear to show cause why disciplinary action should not be taken against him. After a protracted hearing, the board found him guilty of five charges.

It recommended to the defendant state department of health that his license to practice be revoked. The recommendation was carried out. The plaintiff appealed to the Superior Court, which found the issues in his favor. From the judgment entered thereon, the plaintiff and the defendants have appealed. The question for determination on the appeal of the latter is whether the court erred in concluding that the defendants acted illegally. *Jaffe* v. *State Department of Health*, 135 Conn. 339, 353, 64 A. 2d 330; *Brein* v. *Connecticut Eclectic Examining Board*, 103 Conn. 65, 87, 130 A. 289.

It is unnecessary to recite the subordinate facts which the board found. Since there was evidence to support them, they must be considered proved. The credibility of witnesses and the determination of factual questions were matters for the board to pass upon. *Jaffe* case, supra, 343.

The General Assembly has specified the grounds and outlined the procedure for the revocation of a license to practice medicine and surgery. General Statutes §§ 4358, 4359. The statute requires the department of health to file with the board a verified written charge against the licentiate. § 4359. It further provides that, if the board, after proper notice and hearing, shall by a majority vote find him guilty of any charge preferred, it may, among other available choices, recommend to the department of health that his license be revoked. Ibid.

In arriving at a decision, the board is called upon to weigh evidence and to reach conclusions. In this respect it acts in a quasi-judicial capacity. *Norwalk* v. *Connecticut Co.*, 88 Conn. 471, 478, 91 A. 442. It remains, nevertheless, an administrative agency. *McNiff* v. *Waterbury*, 82 Conn. 43, 45, 72 A. 572; *Meffert* v. *Medical Board*, 66 Kan. 710, 715, 72 P. 247. It pos-

sesses no inherent power. Its authority is found in a legislative grant, beyond the terms and necessary implications of which it cannot lawfully function. *Federal Trade Commission* v. *Raladam Co.,* 283 U. S. 643, 649, 51 S. Ct. 587, 75 L. Ed. 1324; *State ex rel. Woolridge* v. *Morehead,* 100 Neb. 864, 872, 161 N. W. 569.

While it is stated in various ways, the plaintiff's basic claim is that the recommendation was illegal because the board exceeded its authority. The statute in effect when the commissioner of health filed his complaint listed as grounds for the revocation of a license (1) conviction of certain crimes; (2) immoral, fraudulent, dishonorable or unprofessional conduct; (3) illegal, incompetent or habitually negligent conduct in the practice of the healing arts; (4) habitual intemperance or addiction to drugs; (5) deceptive advertising; (6) abetting the unlawful practice of any branch of the healing arts; (7) failure to record license; (8) insanity; and (9) fraud in obtaining a license. General Statutes, Sup. 1941, § 475f (Rev. 1949, § 4358). This enactment was at once a grant and a limitation of power. The board was authorized to act upon any one of the enumerated grounds, but it was limited, by the failure or refusal of the legislature to add others, to those specified. *Lucier* v. *Norfolk,* 99 Conn. 686, 695, 122 A. 711; *Department of Ins.* v. *Church Members Relief Assn.,* 217 Ind. 58, 60, 25 N. E. 2d 51.

This points up one phase of the illegality of the actions of the defendants. The plaintiff was subjected to a hybrid accusation. He was charged, in part, with "wanton negligence" in the practice of his profession. This charge finds no sanction whatsoever in the statute. Whether wisely or not, the legislature has made but one form of negligence a ground for revocation. This is negligence which is characterized as habitual. All

other forms, whether they are described as wanton, gross, heedless or reckless, are excluded from the statute by implication. *Young* v. *Roodner,* 123 Conn. 68, 73, 192 A. 710; *Davis* v. *Davis,* 119 Conn. 194, 200, 175 A. 574. The board was as unwarranted in finding the plaintiff guilty of wanton negligence as was the commissioner in making the charge.

There is another phase of the accusation which requires discussion. The charge of wanton negligence was not set forth independently but was linked with one alleging "fraudulent, dishonorable, unprofessional and immoral conduct," which we shall refer to as the charge of unprofessional conduct, solely as a matter of convenience.

As stated above, five counts are involved. The board found the subordinate facts as to each and then reached the following conclusions: (1) The plaintiff was "guilty of having treated Mrs. Everett Brady in a ruthless and wantonly negligent manner"; (2) he was "guilty of gross negligence in his care and treatment of Mrs. Everett Brady and her infant son"; (3) he was "guilty of treating James Nally in a careless and negligent manner and to his detriment"; (4) he was "guilty of treating Mrs. Arthur Gordon in a cruel, and grossly negligent manner and to her detriment"; and (5) he was "guilty of rendering careless and improper medical treatments to Mrs. Everett Brady and her infant son."

The significance of this recital, as it bears on the charge under discussion, lies not in what it contains but rather in what it omits. No reference is made to unprofessional conduct. This omission acquires added significance from the board's statement, incorporated in its finding, that in arriving at a decision it considered "each count and allegation separately and independent of all other counts and allegations." If

this statement is accepted, as it should be, it follows that the board was unable to conclude that the plaintiff was guilty of unprofessional conduct on any one of the counts, when considered separately. Nevertheless, at the very end of its finding, the board records that its members "are in unanimous agreement that the Respondent . . . is guilty of dishonorable and unprofessional conduct." This conclusion must, then, have been reached through the cumulative effect of the findings on all the counts. Therein lies the impropriety of the board's action. As we have pointed out, the findings of guilt based on negligence, characterized as gross, wanton or otherwise, were unlawful. In using them to reach a conclusion of guilt on the charge of unprofessional conduct, the board acted illegally. The trier was not in error in so holding.

Technical rules of pleading, procedure and evidence should not hamper the operations of an administrative agency. See *Delgaizo* v. *Veeder-Root, Inc.,* 133 Conn. 664, 667, 54 A. 2d 262; *Saddlemire* v. *American Bridge Co.,* 94 Conn. 618, 625, 110 A. 63. A complaint by the department of health need not be phrased with the precision of a well-drafted pleading. It must, however, be based on the statute. Nor need a hearing before the board be marked with the formality with which a judicial trial is conducted. It is sufficient if he who is under charges has a reasonable opportunity to hear and be heard on them and if the proceedings are conducted in a fair and impartial manner. *Morgan* v. *United States,* 304 U. S. 1, 14, 58 S. Ct. 773, 82 L. Ed. 1129; *State ex rel. Williams* v. *Whitman,* 116 Fla. 196, 207, 156 So. 705; *Munk* v. *Frink,* 81 Neb. 631, 634, 116 N. W. 525. The informalities to which we refer must not be permitted, however, to prejudice the rights of parties. If this occurs, the court is available to rectify the wrong. *Gonirenki* v. *American*

*Steel & Wire Co.*, 106 Conn. 1, 9, 137 A. 26. In view of the foregoing, it is unnecessary to consider the plaintiff's appeal.

There is no error.

In this opinion the other judges concurred.