EDWARD M. CONLEY v. BOARD OF EDUCATION OF THE CITY OF NEW BRITAIN

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 4—decided June 19, 1956

*Henry J. Gwiazda,* with whom, on the brief, was *Francis B. Keeler,* for the appellant (plaintiff).

*John L. Ericson,* corporation counsel, for the appellee (defendant).

BALDWIN, J.  This is an appeal from a judgment of the Court of Common Pleas dismissing the plaintiff's appeal to that court from the action of the board of education of New Britain in terminating his contract to teach in the schools of that city as of June 30, 1953.

The plaintiff was appointed instructor of physical education at the Washington Junior High School in New Britain in September, 1936, and continued in that post, with a leave of absence from September, 1942, to September, 1946, until the end of the school year in 1953.  On May 11, 1953, the superintendent of schools, in writing, advised the plaintiff of action by the board, taken at its meeting on May 8, 1953, with reference to terminating his contract to teach "because of gross inefficiency, namely, in the normal duties of his teaching position," notified him of the detailed charges against him and told him that within thirty days he could request in writing a hearing before the board.  The plaintiff requested a hearing, which was conducted by the board on June 25, July 1 and 2, and August 4 and 6, 1953.  The plaintiff was represented by counsel.  On September 17, 1953, the board, by a majority vote, resolved that the charges of gross inefficiency had been proved by a preponderance of the evidence, and on October 13, 1953, it submitted a finding of facts, of which the plaintiff was duly informed.  One member of the board, which was composed of twelve members, filed a minority report which he alone subscribed.

The plaintiff appealed to the Court of Common Pleas, charging that the action of the board was "illegal, arbitrary, discriminatory, and in abuse of

its discretion" because (1) the board refused to grant the motion of the plaintiff for a bill of particulars of the charges against him, (2) it denied him the right to cross-examine the witnesses it produced, and (3) it held that the evidence was sufficient to establish his gross inefficiency and therefore warranted his discharge. The court sustained the action of the board, and the plaintiff appealed from that judgment. He claims also that the court erred in ruling that the burden of proof was upon him.

The act providing tenure for teachers in the New Britain schools states: ". . . no permanent teacher serving in the schools of New Britain shall be dismissed for any cause other than misconduct, immorality, subversive activities or teachings, gross inefficiency, or physical or mental disability which substantially impairs his capacity to perform the normal duties of such position." 25 Spec. Laws 931, § 4. It sets forth the manner in which the dismissal shall be made. Id., 932, § 6. It requires notice to the teacher of the charge or charges in writing and provides for a public or private hearing by the board upon written request, for counsel, for an opportunity to present all relevant evidence, including the testimony of witnesses under oath, and for the examination and cross-examination of all witnesses by the person charged or his counsel. It also provides for the summoning of witnesses by subpoena, for a stenographic record of the proceedings, and for arguments orally or by brief. It states further: "The decision of the board shall be based upon the evidence supporting the specific charge or charges, and upon no other evidence. If the board shall find by a majority vote that the charges are supported by a preponderance of the evidence, such teacher

may be dismissed, provided that the burden of proof shall be on the board." An appeal is allowed to the Court of Common Pleas.

At the outset of the discussion of the errors claimed, it will be helpful to consider the nature of this appeal and the function of the trial court and this court in deciding it. In *Gibson* v. *Connecticut Medical Examining Board,* 141 Conn. 218, 221, 104 A.2d 890, we said: "[I]t is not the function of the trial court, nor of this court, to retry the cause. The defendant board is an administrative agency, although it acts in a quasi-judicial capacity. To render a decision, it must weigh evidence and reach conclusions. *Adam* v. *Connecticut Medical Examining Board,* 137 Conn. 535, 537, 79 A.2d 350. The credibility of witnesses and the determination of issues of fact are matters within its province. *Jaffe* v. *State Department of Health,* 135 Conn. 339, 343, 64 A.2d 330. On the other hand, upon appeal, 'the function of the court is to determine whether or not [the board] acted illegally; and while we have frequently added the words "arbitrarily or in abuse of its discretion," this manner of expression merely points to certain aspects in which the illegality may subsist because the conduct of the board would be in violation of the powers granted to and duties imposed upon it.' Id., 353; *Modeste* v. *Public Utilities Commission,* 97 Conn. 453, 458, 117 A. 494; *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 585, 145 A. 48; see *Beaverdale Memorial Park, Inc.* v. *Danaher,* 127 Conn. 175, 182, 15 A.2d 17; *Lanyon* v. *Administrator,* 139 Conn. 20, 28, 89 A.2d 558. Such an appeal usually requires an examination of the record of the hearing before the board to determine whether the conclusions reached are legally supported by the evidence. *Grady* v. *Katz,* 124 Conn. 525, 530, 1 A.2d 137;

*Hoffman* v. *Kelly,* 138 Conn. 614, 619, 88 A.2d 382; *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 525, 191 A. 98; see *Shuman* v. *Brainard,* 130 Conn. 564, 568, 36 A.2d 113; *Cohen* v. *Board of Appeals on Zoning,* 139 Conn. 450, 452, 94 A.2d 793. If they are, the court cannot change them." See *Dempsey* v. *Tynan,* 143 Conn. 202, 206, 120 A.2d 700.

The board of education of New Britain is an administrative agency. An appeal from a decision by it upon charges preferred against a teacher is governed by the principles hereinbefore stated except as they may be altered by the specific requirements of § 6 of the tenure act. 25 Spec. Laws 932. The superintendent of schools, in his letter of May 11, 1953, to the plaintiff notifying him of the board's intention to terminate his contract, set forth in full the text of the resolution of the board charging him with "gross inefficiency" and enumerated the detailed charges which it was claimed supported the position of the board. The plaintiff requested a bill of particulars of these charges "[i]n order to properly prepare" for the hearing. This was denied on June 16, 1953. We can assume that the plaintiff was not seeking a bill of particulars in the technical meaning of that term under our practice (Practice Book §§ 31, 345) but a more specific statement of the charges preferred against him. While the board was acting in a quasi-judicial capacity, it remained, nevertheless, an administrative agency before which proceedings are necessarily informal. It was not necessary for it to follow technical rules of pleading and procedure. *Adam* v. *Connecticut Medical Examining Board,* 137 Conn. 535, 537, 540, 79 A.2d 350; *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 293, 99 A.2d 149. The test of the action of the board is whether the

plaintiff had a reasonable opportunity to hear and to be heard upon the charges preferred against him and whether the proceedings were conducted in a fair and impartial manner. *Adam* v. *Connecticut Medical Examining Board,* supra, 540. Hearings were held for five days over a period beginning on June 25, 1953, and ending on August 6. Early in the hearings the plaintiff was given an opportunity to examine the board's records, minutes and files. The hearing was postponed to enable him to prepare his case. Witnesses were summoned at his request, and those called from among persons employed by the board were publicly advised that there would be no reprisals for giving testimony in his behalf. An examination of the transcript of the proceedings demonstrates that the plaintiff had a full and fair opportunity of learning what evidence there was against him and of presenting evidence in his own behalf. The court's ruling that the board did not act in an arbitrary and unreasonable manner in denying the plaintiff's request for a bill of particulars cannot be disturbed.

The same reasoning applies to the contention of the plaintiff that the board abused its discretion in rulings on evidence which, he claims, limited his right of cross-examination. These rulings have been examined with care. One set of rulings may be discussed as typical of the claim made by the plaintiff. Charles Avedisian had been employed by the board in 1952 as director of physical education and athletics. He was the plaintiff's immediate superior. He testified at length concerning the alleged shortcomings of the plaintiff, and an attempt was made to discredit him as a witness by showing the paucity of his training and qualifications. Objections to some of the cross-examination of Avedisian along these

lines were sustained. Later in the proceedings, however, over objection by counsel representing the board that Avedisian's qualifications as a teacher were not in issue, the plaintiff was permitted to go into the details of Avedisian's standing in his profession.

Proper cross-examination must be relevant, and its limits in this respect are within the reasonable discretion of the trier. *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 675, 103 A.2d 535; *Fahey* v. *Clark*, 125 Conn. 44, 46, 3 A.2d 313. Furthermore, administrative agencies are not bound by the strict rules of evidence. *International Brotherhood* v. *Commission on Civil Rights*, 140 Conn. 537, 546, 102 A.2d 366; *Milchell Land Co.* v. *Planning & Zoning Board of Appeals*, 140 Conn. 527, 536, 102 A.2d 316. "The only requirement is that the conduct of the hearing shall not violate the fundamentals of natural justice. That is, there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary or to be fairly apprised of the facts upon which the board is asked to act." *Parsons* v. *Board of Zoning Appeals*, 140 Conn. 290, 292, 99 A.2d 149; *Wadell* v. *Board of Zoning Appeals*, 136 Conn. 1, 8, 68 A.2d 152. The transcript of the proceedings before the board, which contains 1250 pages, demonstrates that the plaintiff was given a fair opportunity of exercising his right to examine and cross-examine witnesses. The board took several recesses to examine and pass upon the plaintiff's claims as to the admissibility of evidence. The court was correct in holding that with respect to the right of examination and cross-examination of witnesses the board did not abuse its discretion.

With regard to the plaintiff's claim that the evidence does not support the finding and conclusions of the board, two things must be borne in mind. The charge was "gross inefficiency," one of the grounds for dismissal specified in the tenure act. The decision of the board must be based upon the evidence directed to this specific charge and upon no other. Such evidence must carry the burden of proving by a preponderance, to the satisfaction of the majority of the board, that the plaintiff was grossly inefficient. Webster's New International Dictionary (2d Ed.) defines "inefficient" as "[n]ot producing the effect intended or desired . . . [i]ncapable of, or indisposed to, the effective performance of duties." Included among the meanings of the word "gross" are "[o]ut of all measure; beyond allowance." Therefore, a grossly inefficient person would be one whose efforts were failing, to an intolerable degree, to produce the effect intended or desired—a manifestly incompetent or incapable person. Because of the requirement of the tenure act that the decision of the board shall be based upon the evidence supporting the specific charge or charges, and upon no other evidence, proof of gross inefficiency must be made by evidence adduced at the hearings and may not, as in other cases before administrative agencies, include what the members may properly have learned by personal observation. See *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 675, 103 A.2d 535; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909. It was the duty of the trial court and of this court to examine the evidence from that point of view. The board, however, is the judge of the credibility of the witnesses and has the power to decide all factual matters before it. *Adam* v. *Con-*

*necticut Medical Examining Board,* 137 Conn. 535, 537, 79 A.2d 350. An examination of the entire transcript of the hearings discloses evidence to support the subordinate facts found by the board. It is not necessary to recite them. Their number and kind warranted the trial court in finding that the board's conclusion that the plaintiff should be dismissed was adequately supported by the evidence within the rule stated. It has long been a Connecticut concept that the teacher is in loco parentis. *Sheehan* v. *Sturges,* 53 Conn. 481, 483, 2 A. 841. This relationship imposes obligations upon the teacher as well as upon the pupil. Boards of education are required to maintain in their respective towns "good public elementary and secondary schools." General Statutes, Cum. Sup. 1955, § 957d. It is axiomatic that schools can be no better than the teachers employed in them. A board has the right to demand that a teacher know his subject and that he be capable of arousing and holding the interest of his pupils and maintaining discipline. See *Fowler* v. *Young,* 77 Ohio App. 20, 37, 65 N.E.2d 399; *Appelbaum* v. *Wulff,* 42 Ohio Op. 434, 439, 95 N.E.2d 19.

The plaintiff asserts that the trial court erred in ruling that the burden of proof was upon him to show that the board's action was arbitrary, unreasonable and in abuse of its discretion. It is true, as he claims, that the board had the power to terminate his employment only if the charge of "gross inefficiency" was "supported by a preponderance of the evidence," viewed from the standpoint that the board had the burden of proof. This means simply, as in any civil action, that the evidence must, when considered fairly and impartially, induce a reasonable belief that the fact in issue is true. *Darrow* v. *Fleischner,* 117 Conn. 518, 520, 169 A. 197; *Beck-*

*with* v. *Stratford,* 129 Conn. 506, 507, 29 A.2d 775. An appeal from the action of the board raises another issue. The trial of the appeal is not a trial de novo. The question for the court, bearing in mind the statutory requirement that the decision of the board must be supported by a preponderance of the evidence, is whether the board, in reaching its conclusions and taking the action challenged, acted illegally or in abuse of the discretion reposed in it by law. The question is not whether the trial court or this court would have reached the same conclusion as the board. In this appeal, as in any such appeal, the plaintiff charges that the record before the board does not support the action it took. He has the burden of proving it. *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668. The ruling of the trial court with respect to the burden of proof on the plaintiff's appeal was correct.

There is no error.

In this opinion the other judges concurred.