INGE YAFFE *v.* BOARD OF EDUCATION OF THE CITY OF MERIDEN

COURT OF COMMON PLEAS   NEW HAVEN COUNTY   FILE NO. 108544

Memorandum filed September 8, 1977

*Gould, Killian & Krechevsky,* for the plaintiff.

*Sullivan, Lettick & Schoen,* for the defendant.

JACOBSON, J. The plaintiff was first employed by the defendant board of education as a supervisor of reading in the Meriden school system for the school year beginning September, 1963. Her initial contract was renewed for three continuous years. Beginning with the fourth year of that continuous employment, the plaintiff was employed by the defendant board of education as a supervisor of reading for the school year beginning September, 1966, under a long-term contract dated April 11, 1966, and she has been employed continuously under that long-term contract as a supervisor of reading since September, 1966. By reason of the length of her employment by the defendant board of education, the plaintiff was and is entitled to all of the benefits and the provisions of General Statutes § 10-151 (b).[1]

---

[1] General Statutes § 10-151 (b) provides, in part, as follows: "Beginning with and subsequent to the fourth year of continuous employment of a teacher by a board of education, the contract of employment of a teacher shall be renewed from year to year, except that it may be terminated at any time for one or more of the following reasons: (1) Inefficiency or incompetence; (2) insubordination against reasonable rules of the board of education; (3) moral misconduct; (4) disability, as shown by competent medical evidence; (5) elimination of the position to which the teacher was appointed,

On May 18, 1976, the defendant board of education voted to eliminate the position of reading supervisor from the school system. At the time that action was taken, the plaintiff held the position of reading supervisor. When notified of the board's action, the plaintiff requested that she be placed in the position of reading teacher serving two of the system's schools. The superintendent of schools complied with that request in June of 1976, and the plaintiff was transferred into the combined position of reading teacher at the Franklin and Hanover elementary schools. At no time during her conversations with the superintendent of schools respecting the elimination of the position of reading supervisor and her request to be assigned to a specific teaching position did the plaintiff request a hearing before the board of education.

Subsequent to the plaintiff's assignment to the teaching position she had requested, the superintendent of schools received a letter from an attorney

if no other position exists to which he may be appointed if qualified; or (6) other due and sufficient cause; provided, prior to terminating a contract, a board of education shall give the teacher concerned a written notice that termination of his contract is under consideration and, upon written request filed by such teacher with such board within five days after receipt of such notice, shall within the next succeeding five days give such teacher a statement in writing of its reasons therefor. Within twenty days after receipt from a board of education of written notice that contract termination is under consideration, the teacher concerned may file with such board a written request for a hearing, which shall be held within fifteen days after receipt of such request . . . . [The] hearing shall be public if the teacher so requests or the board so designates. The teacher concerned shall have the right to appear with counsel of his choice at either hearing, whether public or private. A copy of a transcript of the proceedings of either shall be furnished by the board of education, upon written request by the teacher within fifteen days after the board's decision, provided the teacher shall assume the cost of any such copy. Nothing herein contained shall deprive a board of education of the power to suspend a teacher from duty immediately when serious misconduct is charged without prejudice to the rights of the teacher as otherwise provided in this section."

representing the plaintiff. On receipt of that letter, the superintendent recommended to the defendant that it terminate the plaintiff's contract of employment as a reading supervisor. By letter dated September 8, 1976, the superintendent of schools notified the plaintiff that the defendant board of education was considering the termination of her contract of employment as supervisor of reading because of elimination of the position of supervisor of reading. The plaintiff thereafter requested a hearing before the defendant board of education, and on October 19, 1976, a hearing was held pursuant to § 10-151 (b).

At the hearing, counsel for the plaintiff attempted to question the superintendent of schools with regard to the reasons for the elimination of the plaintiff's position as supervisor of reading. The board of education refused to allow the superintendent to testify concerning the reasons for elimination of the position. Also at the hearing, counsel for the plaintiff called an expert witness to give testimony on the question of the elimination of the plaintiff's position. The board of education refused to allow the testimony. Counsel for the plaintiff further offered the testimony of numerous other expert witnesses on the question of the elimination of the plaintiff's position, but all of that testimony was excluded. The plaintiff herself attempted to testify regarding the question of elimination of the position to which she had been appointed, but her testimony was excluded by the board of education.

At the conclusion of the hearing, the defendant voted to terminate the plaintiff's contract of employment as a reading supervisor because of elimination of the position of reading supervisor. The defendant's action in that regard in no way affected the plaintiff's continuing employment status with the

defendant. By letter dated October 20, 1976, the plaintiff was informed that the defendant board of education had voted to terminate her contract of employment as supervisor of reading effective immediately.

The question raised by this appeal is whether the defendant board of education, in its purported termination of the plaintiff's contract of employment as supervisor of reading acted in violation of § 10-151 (b) and in an unlawful, unreasonable, arbitrary and capricious manner in refusing to hear evidence regarding the question of the elimination of the plaintiff's position.

## I

Because this action is a statutory appeal from an administrative decision, the scope of judicial review generally applicable to review of administrative decisions applies here. In *Gibson* v. *Connecticut Medical Examining Board,* 141 Conn. 218, 221, the Connecticut Supreme Court set forth the standards applicable to judicial review of administrative quasi-judicial decisions: "[I]t is not the function of the trial court, nor of this court, to retry the cause. The defendant board is an administrative agency, although it acts in a quasi-judicial capacity. To render a decision, it must weigh evidence and reach conclusions. . . . The credibility of witnesses and the determination of issues of fact are matters within its province." See *Canty* v. *Board of Education, City of New York,* 312 F. Sup. 254 (S.D. N.Y.) ; *Dempsey* v. *Tynan,* 143 Conn. 202; *Adam* v. *Connecticut Medical Examining Board,* 137 Conn. 535; *Jaffe* v. *State Department of Health,* 135 Conn. 339; *Modeste* v. *Public Utilities Commission,* 97 Conn. 453.

The Connecticut Supreme Court has applied the standards of review outlined above to teacher

appeals in the case of *Conley* v. *Board of Education*, 143 Conn. 488. In *Conley*, the court held (p. 493) that "[t]he test of the action of the board is whether the plaintiff had a reasonable opportunity to hear and to be heard upon the charges preferred against him and whether the proceedings were conducted in a fair and impartial manner." The court's reasoning in *Conley* reflects the judicially recognized fact that wide discretion is customarily vested in school boards with regard to the employment of teachers. See §§ 10-151 and 10-220 of the General Statutes. When that discretion is exercised in good faith the courts should not interfere. *Doherty* v. *Wilson*, 356 F. Sup. 35 (M.D. Ga.); *Robbins* v. *Board of Education*, 313 F. Sup. 642 (N.D. Ill.); *Saunders* v. *Reorganized School District No. 2 of Osage County*, 520 S.W.2d 29 (Mo.); 16 McQuillin, Municipal Corporations (3d Ed. Rev.) § 46.13b; see *Hortonville Joint School District No. 1* v. *Hortonville Education Association*, 426 U.S. 482.

## II

Section 10-151 (b) of the General Statutes provides that the contract of employment of a teacher employed under a continuing contract may be terminated for, among other reasons, "elimination of the position to which the teacher was appointed, if no other position exists to which he may be appointed if qualified." It is clear from the language of that statute that a board of education, in order to justify termination of a teacher's contract because of elimination of the position must establish (1) that the position to which a teacher was appointed has been eliminated; and (2) that there exists no other position to which such a teacher might be appointed if qualified. Thus, the issues at any hearing where the reason for proposed termination is elimination of position are (1) whether the

position of the teacher in question has been eliminated .and (2) whether there is another position in the school system for which the teacher is qualified. Whether or not a board of education should exercise its lawful discretion in determining education policy so as to eliminate a teaching position is not relevant to the issues at such a dismissal hearing. Indeed, the language of § 10-151 (b) (5) assumes that a board of education has already exercised its educational judgment to eliminate a teaching position prior to considering termination of the contract of the teacher whose position has been eliminated.

The defendant does not contest the thoroughness and accuracy of the statements and citations in the plaintiff's brief respecting the legislative purpose behind this state's so-called tenure law. The plaintiff's tenure status and her entitlement to the protections afforded by § 10-151 (b) are not in dispute. Nor does the defendant dispute the plaintiff's discussion of what constitutes a due process hearing. What is in dispute is the plaintiff's somewhat veiled assertion that she was not afforded an opportunity to confront witnesses or to know the evidence against her. The record shows that the plaintiff was represented by counsel at her hearing and there is no evidence before the court that the plaintiff's contract of employment as a reading supervisor was terminated for any reason other than the elimination of that position.

Thus, the real issue raised on the plaintiff's appeal is whether or not the defendant's refusal to entertain evidence on the educational policy question of providing a reading supervisor for the Meriden school system deprived the plaintiff of a fair hearing. In this regard, the plaintiff's assertion that the defendant refused to hear evidence "regarding the question of the elimination of the

plaintiff's position" is not correct. What the defendant did refuse to hear was evidence to the effect that, as a matter of educational policy, the city of Meriden should provide a reading supervisor as a part of its educational program. The distinction is critical because the defendant does not dispute the plaintiff's right to introduce evidence regarding the elimination of her position which bears upon the issue of whether or not legal cause for termination exists. Thus, the plaintiff would have been entitled to present evidence to show that the defendant had not really eliminated her position, thereby demonstrating that her contract could not be lawfully terminated, or that the school administration and the defendant had eliminated the plaintiff's position for the purpose of circumventing the need to prove other cause for dismissal under the tenure law. In short, the defendant does not dispute the right of a tenure teacher to question whether or not her position has been eliminated when position elimination is the stated cause for the proposed termination or to demonstrate that termination would be unlawful for some other reason. The defendant does contest the plaintiff's assertion that the defendant abused its discretion in excluding evidence which does not bear on the question of whether or not legal cause for termination exists.

The defendant's position herein is not inconsistent with the decisions from other jurisdictions cited in the plaintiff's initial brief to the extent that those decisions are at all relevant to the issues here. The cases cited generally deal either with the right of a teacher to inquire into the existence of position elimination as a stated cause for dismissal when it is claimed that school officials seek dismissal for another unstated reason or the right of a teacher to demonstrate that school officials have not sustained their statutory burden of proof. In addition,

in several of the cases cited by the plaintiff, the defendants' failure to comply with the procedures for dismissal outlined in state statutes was in issue.

*Balen* v. *Peralta,* 11 Cal. 3d 821, involved a college teacher who was dismissed without a hearing in violation of state law amidst an allegation that the real reason for dismissal was the exercise of first amendment rights. In addition, even though the plaintiff in *Balen* had been dismissed because "his class was phased out," the record before the court disclosed that two teachers with qualifications similar to the plaintiff's were hired subsequent to his discharge to teach classes identical to the plaintiff's. In *Fisher* v. *Independent School District No. 118,* 298 Minn. 238, the primary issues before the court were the failure of the defendant to give timely notice of the dismissal hearing and, as was the case in *State ex rel. Ging* v. *Board of Education of City of Duluth,* 213 Minn. 550, to which the court makes reference, the use of position elimination as a subterfuge. As the court made clear, a teacher whose employment is in doubt because of elimination of position is entitled to inquire into whether or not the position has been eliminated or simply filled by someone else, in which case legal cause for discharge does not exist. In *Tipton* v. *Board of Education of Blount County,* 276 Ala. 571, the court found that no evidence was adduced at the plaintiff's hearing to support a claim of decrease in the number of teaching positions and, thus, the plaintiff could not be dismissed by reason of a decrease in the number of teaching positions. In *Cutcher* v. *Nyquist,* 43 App. Div. 2d 58 (N.Y.), the plaintiff claimed that the defendant school board had eliminated his position for the sole purpose of defeating his tenure rights. Finally, in *Board of School Trustees* v. *O'Brien,* 56 Del. 79, state law allowed for teacher dismissal for, among other

things, "a reduction in the number of teachers required as a result of decreased enrollment or a decrease in education services." Clearly, in order to justify dismissal under such a statutory scheme a board of education has the burden of proving that a reduction in teachers is necessary because of "decreased enrollment or a decrease in education services." Absent that proof, legal cause for dismissal because of teacher reduction would not be lawful.

As already stated, the defendant does not quarrel with the decisions in those cases. It is not disputed that if a board of education proposes to terminate a teacher's contract because of elimination of position, the board must prove that the position has been eliminated and the teacher concerned is entitled to introduce evidence to show that elimination of the position is a mere subterfuge for dismissal. The plaintiff, however, in the present case never argued at her hearing, nor does she claim now, that her position was never eliminated or that the stated reason for the formal termination of her contract as reading supervisor was a subterfuge to remove her from that position. In fact, the plaintiff made clear, through her own testimony, that the only reason she sought a hearing before the defendant board was to express her view that the city of Meriden should employ a reading supervisor: "I chose, even though I received the position as a reading consultant and there really is no great difference in remuneration, I chose this difficult route today really out of principle, that's with a p-l-e, because I truly feel the city of Meriden should have the leadership in the area of reading that is going to put reading number one in the curriculum area. My grave concern for the clientele of Meriden and my desire to be a catalyst and a leader in the area of developing reading programs has made it imperative really for me to feel that this hearing had

to be." The plaintiff's presentation at the hearing and the conduct of her counsel demonstrate that the sole purpose for the hearing was to force a public forum on the question of providing a reading supervisor for the Meriden school system.

### III

It is also clear from the record in this case that the defendant's exclusion from the plaintiff's hearing of evidence on the question of the educational desirability of having a position of reading supervisor in the Meriden school system did not result in any harm to the plaintiff. As has already been pointed out, the plaintiff was notified that the position of reading supervisor had been eliminated by vote of the defendant and at that time she specifically requested that she be placed in a teaching position which she desired. The administration of the Meriden school system accommodated her request in that regard. At no time during those discussions with the administration did the plaintiff make a request for a hearing on the question of the termination of her contract of employment as a reading supervisor. In fact, when she was subsequently granted a hearing before the defendant, the plaintiff did not produce any evidence to show that the board of education had not, in fact, eliminated the position of reading supervisor or that it could not lawfully terminate her contract of employment as a reading supervisor. The record clearly demonstrates that her sole purpose for pursuing a hearing before the defendant on the question of her contract of employment as a reading supervisor was to force a public hearing on the educational desirability of having a reading supervisor in the Meriden school system. Such a purpose for a hearing on the termination of a teacher's contract is not contemplated by the language of § 10-151 (b) (5) of the General Statutes.

Even if the defendant had entertained evidence on the question of the educational desirability of having a reading supervisor in the Meriden school system, it would have been under no legal compulsion whatsoever to reinstate the position of reading supervisor even if every witness available had testified to the desirability of reinstating the position. This is clear because the defendant has the exclusive discretion under the General Statutes to make determinations with respect to the elimination or provision of certain teaching programs and teaching positions in the school system. See §§ 10-151 and 10-220 of the General Statutes. Thus, it cannot be said that the plaintiff was in any way harmed by the failure of the defendant to entertain testimony not directly relevant to determining whether or not her contract of employment as a reading supervisor should be terminated because of the elimination of that position. If the failure to entertain the evidence in question was error, it is clear that the error was harmless. Cf. *Simard* v. *Board of Education of the Town of Groton*, 473 F.2d 988, 994 (2d Cir.); *Ahern* v. *Board of Education of the School District of Grand Island*, 456 F.2d 399, 403 (8th Cir.).

## IV

The defendant Meriden board of education is charged by statute with the responsibility of determining educational policy for the city of Meriden. That the exercise of that responsibility extends to a determination of what teaching positions will exist in the school system is recognized by both § 10-220 of the General Statutes and by § 10-151 (b) which authorizes the termination of a tenured teacher's contract because of elimination of the position to which the teacher was appointed provided no other position exists for which the teacher is qualified. There is nothing in the language of § 10-151 (b) (5)

which indicates that a teacher must be allowed at a termination hearing to challenge the policy decision behind board of education action to eliminate the teaching position. That conclusion, however, does not render the provision for a hearing in those cases meaningless since, as the cases cited by the plaintiff indicate, a teacher may be in a position to show that the teaching position has not really been eliminated or that the statement of elimination of the position as a reason for the proposed contract termination is a mere subterfuge for some unstated reason for dismissal or demotion.

It is also clear that in the present case, the plaintiff's contract of employment was never terminated, at least in any substantive sense, since her employment with the defendant was never broken. Indeed, when informed that her position had been eliminated, the plaintiff requested and was placed in a new position. As a result, the plaintiff's claim of harm is without merit.

Finally, as the record indicates, the plaintiff's real purpose in seeking a hearing before the defendant was to establish a forum for the expression of her educational opinion respecting the need for a reading supervisor in the Meriden school system. The expression of such an opinion is not relevant to the issues before a board of education at a dismissal hearing where the stated reason for contract termination is the elimination of a position. The defendant, thus, lawfully exercised its discretion as an administrative agency in excluding evidence with regard to the desirability of creating the position of reading supervisor in the Meriden school system.

The decision of the defendant to terminate the plaintiff's contract as reading supervisor because of elimination of the position of reading supervisor is

supported by a preponderance of the evidence and the defendant did not abuse its discretion in excluding evidence irrelevant to the issues before it at the plaintiff's hearing.

The appeal is dismissed.