[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The instant action was brought in six counts. The first count sounding in a violation of the fifth and fourteenth amendments to the United States Constitution and a violation of 42 U.S.C. § 1983. The second count sounds in an action for a violation of thefourteenth amendment of the United States Constitution and42 U.S.C. § 1983. The third count sounds in a violation of 42 U.S.C. § 1983. A coordinate judge of the Superior Count dismissed the fourth and fifth counts of the Complaint. The sixth count sounds in a conspiracy to prohibit the Plaintiff from performing his business operations in violation of U.S.C.A. § 1985.
 Facts
On November 25, 1996, the Plaintiff, who is a contractor by profession, was the owner of two parcels of land located in the City of West Haven. During the period of time that the Plaintiff owned the aforementioned parcel of land, it was subject to a "paper road" "paper road" known as Fowler Court. When the Plaintiff tried to sell the aforementioned parcels, he discovered that the paper road on the property had not been abandoned by the defendant City of West Haven.
On July 14, 1996, the Plaintiff entered into a contract to sell the property for eighty two thousand five hundred ($82,500.00) subject to the abandonment of the Fowler Court paper road.
On October 22, 1996, the Plaintiff made an application to the City of West Haven Planning and Zoning Commission to abandon the paper road. The Commission approved the abandonment of the paper road and forwarded its recommendation to the defendant City Council Members (Plaintiffs Exhibits 7 and 8). Despite the recommendation of abandonment, on November 25, 1996, a majority of the City Council's Public Lands Committee voted in favor of denying the Plaintiffs application. Voting in favor of the motion to deny the approval were Committee members Cullen, Talamelli, Judith Harvey and Bowman, voting to deny the denial was Committee Member CT Page 14433 Samperi. (See Plaintiffs Exhibit 9 at page 4.) On this same date, the West Haven City Council passed a resolution denying the request for the abandonment of Fouler Court. Voting in favor of the resolution to deny the request were Council Members Amendola, Judith Harvey, Buonomo, Marino, Towles, Bowman, Joseph Harvey, Smith, Cullen, Tracy, Lennon and Talamelli.[1] Voting against the resolution was Councilman Samperi.[2]
On November 24, 1997, the Plaintiff entered into an agreement to sell the subject property to another individual for a purchase price of forty six thousand dollars ($46,000.00).[3] The transaction was completed on February 4, 1997 (Plaintiffs Exhibit 12 and 13).
On January 18, 1998, a petition was submitted to the West Haven Planning and Zoning Board Commission, requesting the Commission to abandon Fowler Court (Plaintiffs Exhibit 14). The Applicant on the Petition, Mr. Albert Perillo, III stated on the petition that the reason for the requested abandonment was;
 Fowler Court was not built, and at this time a building I have purchased is directly over street named. I would like to have a clear title on the property so it could be refinanced in the future.
On May 26, 1998, the Public Lands Committee of the West Haven City Council recommended that a resolution to approved the request for the abandonment of Fowler Court (Plaintiffs Exhibit 15, at page 104). On this same date the Council approved a resolution to abandon Fowler Court (Plaintiffs Exhibit 16).
On June 15, 1998, the City Council notified James M. Hill, Commissioner of Planning and Development that the City Council had approved a resolution to abandon Fowler Court on May 26, 1998 (Plaintiffs Exhibit 16).[4]
Although this action has been the subject of many hours of depositions, lengthy pre and post trial briefs, a trial during which there was eloquent oral arguments and extensive testimony, this case really involves two simple issues:
 1. Whether the Plaintiffs due process rights were violated by the Defendants' failure to hold a "public hearing" before voting on the issue of abandoning Fowler Court; and
2. Whether the comments of made by a West Haven CT Page 14434 Councilman during the discussion concerning a motion to deny a resolution for the approval of the abandonment of Fowler Court rises to the level of state and federal constitutional violations as well as a conspiracy to deprive an individual of his constitutional rights.
After reviewing pleadings, weighing the evidence, hearing and assessing its credibility of the testimony, and listening to the arguments of counsel, this Court comes to the conclusion that Plaintiffs rights were not violated.
 First Count (Violation of the Fifth and Fourteenth Amendments Of the United States Constitution and 42 U.S.C. § 1983
The First Count of the Plaintiffs Complaint sounds in a violation of his Fifth and Fourteenth Amendments rights pursuant to the United States Constitution and 42 U.S.C. § 1983. The Plaintiff alleges that the Defendants, James Amendola, Judith Harvey, Antonio Buonomo, Charles Marino, Joseph Cullen, Albert Towles, Bernice Bowan, Joseph Harvey, Scott Smith, Mary Tracy, C. Michael Lennon and Wayne Talamelli are members of the City Council of the City of West Haven.
42 U.S.C. § 1983 provides in pertinent part that:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
The Plaintiff alleges that he has been deprived of his property and the procedural safeguards guaranteed by the Due Process Clauses of the Fifth
and Fourteenth Amendments to the United States Constitution in one or more of the following ways:
(A) His property interest has been interfered with by the local CT Page 14435 government, i.e. the Town of West Haven;
 (B) The deprivation was arbitrary or not reasonable related to a legitimate governmental interest.
The Plaintiff further alleges that as a result of the violations of his constitutional rights he was unable to sell the subject parcels of land for the amount he could have had the Defendants not acted in an illegal manner.
Unfortunately it is not clear from the Complaint as to whether the Plaintiffs allegations concerning the denial of his due process rights are directed to his substantive or procedural due process rights. However, during the trial of this matter (Transcript, at p. 73) and in his Trial Brief dated June 30, 2002, the Plaintiff cites violation of both his procedural and substantive due process rights.
The issue concerning the Plaintiffs procedural due process rights arises out of his allegation that the West Haven City Council did not hold a public hearing before voting on the abandonment of Fowler Court.
 Article IV of the West Haven Code concerns the discontinuance of highways. It provides that anyone who desires to have a highway discontinued shall submit a request to the City's Director of Planning. The Director of Planning then distributes the request to various city agencies, including, but not limited to the Planning and Zoning Commission. Within sixty-five days of receiving the request from the Director, the Planning and Zoning Commission must consider the request and forward its recommendation to the City Council.
Article IV, Section 206-18 of the West Haven Code provides that:
 Within sixty-five (65) days from the receipt of such request and of the above mentioned reports and recommendations, the City Council shall schedule a public hearing at which such request shall be considered and either approved or disapproved. (emphasis added)
The Plaintiff asserts that the City Council did not hold a public hearing on the issue of the abandonment of Fowler Court. The Defendant CT Page 14436 Cullen appears to have agreed with this position during the trial. On direct examination he was asked the question of whether there had ever been a public hearing on any abandonment applications. His response was that there hadn't been. (See trial transcript at page 84). However, Defendants assert that the issue concerning the Plaintiffs Application to abandon Fowler Court was presented at a regularly scheduled meeting of the Council and that as a matter of custom the Council holds a:
 ". . . [P]ublic information session before every council meeting that the public is invited to speak on any subject or topic. Once that — once we've heard all those people that come, the meeting begins. Prior to the opening of the subcommittee meetings, anyone is allowed to speak on any subject pertaining to anything in the committee at that council meeting."
(See trial transcript, April 24, 2002, at page 100.)
The Court finds the witness' testimony to be credible and convincing. Furthermore, the Plaintiff does not dispute that the public interaction opportunity was given during the meeting when the abandonment of the subject property was discussed. Nor has the Plaintiff submitted any evidence to show how he was prejudiced in any way by the procedure used by the Council to receive public input on the subject issue. Although the Plaintiff testified that neither he, nor any of his representatives attended the Council meeting when the abandonment resolution was discussed, there is no claim here of faulty notice of the meeting, including, but not limited to the time, place, and topics of discussion of said meeting.
The cardinal purpose of a public hearing has been clearly enunciated, albeit in the zoning context, by our highest court: "Hearings play an essential role in . . . development. 1 Yokley, Zoning Law Practice (2d Ed.) p. 267. They furnish a method of showing to the commission the real effect of the proposed change upon the social and economic life of the community. Id., p. 268. Hearings likewise provide the necessary forum for those whose properties will be affected by a change to register their approval or disapproval and to state the reasons therefor . . . Couch v. Zoning Commission, 141 Conn. 349, 356-57, 106 A.2d 173
(1954). The Supreme Court further enunciated in Conley v. Board of Education, 143 Conn. 488, 495, 123 A.2d 747
CT Page 14437 (1956), that "[t]he only requirement is that the conduct of the [public] hearing shall not violate the fundamentals of natural justice."
Hutchings v. Dept., Econ. Comm. Dev., No. CV 00-0597095 5 (Apr. 14, 2000, Wagner, JTR).
Although the procedure used by the City Council was not called a public hearing it provided the necessary forum for individuals to express their point of view on the matter being discussed. This Court therefore finds that the Plaintiff was not deprived of a procedural due process right.
 Second Count (Violation of the Fourteenth Amendment To the United States Constitution and 42 U.S.C. § 1983)
The Plaintiff alleges in this Count that he has been discriminated against in violation of his rights secured by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in one or more of the following ways:
 (A) Plaintiffs application for abandonment was denied because of his occupation as a Contractor;
(B) Similarly situated people were treated differently;
(C) Defendant Town and Town Council Members abandoned several roads;
 (D) Defendants selected Plaintiff and imposed upon him burdens and/or liabilities that were not case upon others similarly situated.
The Plaintiffs cause of action is based on statements made by Councilman Cullen during a November 24, 1996 meeting of the West Haven City Council
On March 21, 2002, the Plaintiff testified during his deposition as follows:
 Q. . . . You brought a claim against them [the Defendants] for denying your application for abandonment, and one of your claims is that they treated you differently because you're a developer, is that correct.
A. After hearing the tape, yes.
Q. Okay. I understand that you're relying on the tape. And my question was are you relying on anything else, any other conversations CT Page 14438 other than the tape?
 A. I don't recall but I might have talked to one or two of the councilmen but I am not sure.
 Q. Is it fair to say you're nor relying on those conversations, that you're relying only on the tape.
A. I don't recall.
 Q. Okay. Well, if you don't remember then you can't be. If you don't remember then —
A. I know I was — go ahead.
 Q. If you don't remember the other conversations you're not going to be able to testify at court somebody said something to you a week later, that's what I'm trying to get at. Is there anything else you can point to in support of your claim other than what happened that night?
 A. No, just that the conversation was that night was that I was not a regular citizen and I was a developer and I would probably profit from the abandonment and that I shouldn't be allowed to have the abandonment by Councilman Cullen. And the only one that was basically wanted to know why was Councilman Samperi.
(See March 21, 2002, deposition at page 28, 29)
The evidence submitted by the Plaintiff does not prove by a fair preponderance that any of the members of the council, let alone a voting majority of said council, relied upon, or even took into consideration, the statements made by Mr. Cullen concerning the Plaintiffs status as a contractor.
 Third Count (Violation of 42 U.S.C. § 1983)
The Plaintiff alleges in this Count that he has been deprived of his rights, privileges or immunities secured by the United States Constitution by the Defendants in violation of 42 U.S.C. § 1983.
The Plaintiff asserts in this Count that he was unable to sell his land for the amount he could have had the Defendants not acted in an illegal manner.
Any liability on this Count is predicated upon the Court concluding CT Page 14439 that the Plaintiffs constitutional rights were violated when the Defendants deprived the Plaintiff of his procedural due process rights as discussed previously herein or refused to abandon the subject property in violation of the Plaintiffs constitutional rights. Whereas the Court has not made such findings, there can be no liability in the instant action for a deprivation of the Plaintiffs property rights under the color of state law.
 Sixth Count (Conspiracy 42 U.S.C.A. 1985)
The Plaintiff alleges in this Count that the Defendants conspired against the Plaintiff from performing the business operations of the Plaintiff and/or impaired the business of the Plaintiff. However, the Plaintiff fails to allege which subsection of the statute, the Defendants have violated. This statute provides as follows:
 Sec. 1985. — Conspiracy to interfere with civil rights
(1) Preventing officer from performing duties
 If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;
 (2) Obstructing justice; intimidating party, witness, or juror
If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his CT Page 14440 person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
(3) Depriving persons of rights or privileges
If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the CT Page 14441 conspirators
Although the Plaintiff has not explicitly stated which subsection he is proceeding under, it appears he is alleging a cause of action pursuant to42 U.S.C. § 1985, subsection (3).
 . . . [I]it is well settled that in order to make a viable claim under 1985, the complaint must allege invidiously discriminatory, class-based animus and must allege facts showing this invidiousness. In the absence of any evidence of class-based animus, the action must fail. See AA Concrete, Inc. v. White Mountain Apache Tribe, 676 F.2d 1330 (9th Cir. 1982); Hutchens v. Beckham, 521 F. Sup. 426 (D.Ga. 1981); Sappington v. Pennsylvania, 535 F. Sup. 429 (D. Pa. 1982).
 Fetterman v. University of Connecticut, 192 Conn. 539, 555 (1984).
Although the Plaintiff has alleged that he was the victim of class-based animus on the basis of his profession, this Court does not have to reach that issue as it relates to this Count. This Court has already made a finding that the Plaintiff has not met his burden of proof by a preponderance of the evidence to show that any of the members of the Council relied upon or adopted Mr. Cullen's statements concerning the Plaintiff being a contractor. He therefore he has not met his burden of proof to show that there was any invidious discrimination directed towards him by the Defendants.
 Conclusion
This Court finds that the Defendant's due process rights were not violated by the procedure used by the West Haven City Council when it denied his Application to abandon Fowler Court. The Court further finds that the Plaintiff failed to met his burden to prove that the City Council relied on or even considered the comments made by Councilman Cullen in voting to deny the Application to abandon the paper street. For there reasons and all of the reasons cited herein, judgment may enter in favor of the Defendants on Counts One, Two, Three and Six, (Counts Four and Five were previously dismissed by a coordinate judge of the Superior Court.) so ordered.
___________________ CT Page 14442 Richard A. Robinson, J November 7, 2002