ANTHONY J. CALANDRO *v.* ZONING COMMISSION OF THE CITY OF BRIDGEPORT ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued December 5, 1978—decision released January 9, 1979

*J. Roger Shull,* for the appellants (defendants).

*Melvin J. Silverman,* with whom was *Miklos P. Koleszar,* for the appellee (plaintiff).

PER CURIAM. From the denial of his application for a change of zone from residence A to garden apartments, the plaintiff appealed to the Court of Common Pleas. The court sustained the plaintiff's appeal on the ground that the commission's action in denying the zone change was arbitrary and an abuse of discretion. Upon the granting of certification the defendants appealed to this court, claiming that the court erred in reversing the action of the commission since the record discloses sufficient evidence to support the commission's action.

The present appeal, involving a decision upon an application for a change of zone, required the trial court to review a decision made by the zoning commission in its legislative capacity. In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. *O'Donnell* v. *Police Commission*, 174 Conn. 422, 389 A.2d 739; *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles*, 165 Conn. 559, 563, 345 A.2d 520. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. *Conley* v. *Board of Education*, 143 Conn. 488, 492, 123 A.2d 747.

The record reveals that there was voluminous evidence before the commission as a result of the hearings on May 30 and August 28, 1975. Substantial evidence was offered by the plaintiff in support of his application, and substantial evidence was also offered by residents of the area and others in oppo-

sition to the application. In addition, the commission had before it the reports of the regional planning agency, city planning commission and other agencies, as well as photographs and letters. The commission had the task of weighing that evidence and reaching a conclusion on the merits of the plaintiff's application.

While there is no requirement that a zoning commission state the reasons for its denial; see § 8-3 of the General Statutes; it would have been preferable, and of assistance to the court, if the commission had formally stated the reason or reasons for its action. *Welch* v. *Zoning Board of Appeals,* 158 Conn. 208, 215, 257 A.2d 795. The record in this case does, nonetheless, reveal a number of grounds for the commission's action: (1) the proposed density of 16.74 units per acre, which is four to six times the density rate approved by the Master Plan; (2) the fact that the entire area is a swamp which would require drainage into a nearby stream flowing into Success Lake, adding to pollution downstream; (3) serious traffic problems, which would be aggravated; and (4) inadequacy of the proposed storm sewerage plan.

From its review of the record the trial court concluded that the commission's decision had been improperly influenced by the desires of those opposed to the plaintiff's application. Examination of the decision of the trial court, as set forth in its limited finding and in its memorandum of decision, reveals that the court, in reaching this conclusion, itself weighed the evidence in the record and determined the issues of fact involved therein. In so doing, the trial court exceeded the scope of judicial review. *O'Donnell* v. *Police Commission,* supra.

The court was in effect substituting its judgment for that of the commission, which is impermissible. *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 595, 145 A.2d 597; *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 427, 133 A.2d 612.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.