[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This administrative appeal involves property located in the Town of Waterford. The plaintiffs purchased the property on Dimmock Road in the defendant town allegedly before the town adopted subdivision regulations. The plaintiffs claim that the lots pre-existing nonconforming lots and are numbered lots #56 and #57 as set forth in a plot plan filed in the Town Clerks Office. This plan has never been approved by any board or agency of the town. The fact that a plan is filed does not preclude application of subsequent subdivision regulations. Sherman-Colonial Realty Corporation vs. Goldsmith, 155 Conn. 175. Section 8-26a of the Conn. Gen. Stats. refers to subdivision plans that are approved by a commission or other body. See Corsino v. Grover, 148 Conn. 299.
Where a zoning authority has stated reasons for its actions, a reviewing court may only determine if reasons given are supported by the record. Torsiello v. Zoning Board of Appeals of the City of Milford, 3 Conn. App. 47. The record discloses that the Board gave ample reasons for its decision after a fair and full hearing. The decision of the Board should be upheld if the conclusions are reasonably supported by the record. Calandro v. Zoning Commission, 176 Conn. 439.
This court cannot find that the defendant acted illegally, arbitrarily or in abuse of its discretion in reaching its decision. The claim on the part of the plaintiffs concerning undue hardship is of no avail. Here the plaintiff acted voluntarily and the created nonconformity eliminates the power of the Board to grant a variance. Pollard v. Zoning Board of Appeals, 186 Conn. 32.
The appeal is denied.
Quinn, J.