[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the defendant, Newtown Planning and Zoning Commission (hereafter CT Page 212 "Commission"), changing the zone of the plaintiff's property from B-2 (business) to R-1 (residential).
The subject lot is owned by the plaintiff, Thomas Goosman, and is located at 292-300 South Main Street (Route 25) in the Town of Newtown. (Return of Record ("ROR") #13, Copy of Field Card, 292-300 South Main Street, in Newtown, Connecticut assessor's office, dated April, 1979.) The plaintiff made an application to change the zone of the property from residential to commercial on November 18, 1988. (ROR #14, Letter from Robert H. Hall to Commission, dated November 18, 1988.) A duly noticed public hearing at which the plaintiff's application was heard was commenced on January 5, 1989. (ROR #2, Minutes of Regular Meeting, dated January 5, 1989; ROR #14, Legal Notice, Commission to Newtown Bee, December 19, 1988; Certificates of Publication, Newtown Bee, dated December 23, 1988 and December 30, 1988.)
At that hearing, the plaintiff submitted a map purporting to show an existing business zone abutting the northern boundary of the plaintiff's property. (ROR #2; ROR #16, Map prepared for Thomas Goosman by David L. Ryan, Land Surveyor, dated March 24, 1987.) The Commission, by a unanimous vote, granted the plaintiff's application for zone change on January 19, 1989. (ROR #3, Minutes of Regular Meeting, dated January 19, 1989.) The Commission did not state a formal reason for its action. (ROR #3 ; ROR #14, Letter from Commission to Robert H. Hall, dated January 23, 1989.) Notice of the Commission's granting of the plaintiff's application was duly published on January 27, 1989. (ROR #14, Legal Notice, Commission to Newtown Bee, dated January 23, 1989; ROR 314, Certificate of Publication, dated January 27, 1989.)
During the Commission's public hearing on February 8, 1989, on a different application at which a proposed subdivision of the property directly to the north of the subject property was discussed, it was discovered that the map submitted by the plaintiff in support of his zone change was in error. (ROR #14, Letter from Robert H. Hall to Commission, dated February 21, 1989.) The map submitted by the Estate of F. Francis D'Addario, the owner of the property involved in the proposed subdivision, showed that the business zone line did not abut the northern boundary of the plaintiff's property, but was located instead approximately two hundred feet to the north of that boundary. (ROR #14, Letter from Robert H. Hall to Commission, dated February 21, 1989.) On March 16, 1989, the Commission voted to bring its own application to change the zoning classification of the subject property from business back to residential, due to CT Page 213 the erroneous information presented at the hearing on the plaintiff's original application. (ROR #4, Minutes of Regular Meeting, dated March 16, 1991.)
A duly noticed public hearing was commenced on May 18, 1989, at which the Commission's application was considered. (ROR #4, Minutes of Regular Meeting, dated May 18, 1989; ROR #11, Legal Notice, Commission to Newtown Bee, dated May 1, 1989; ROR #6, Certificate of Publication, dated May 5, 1989; ROR #7, Certificate of Publication, dated May 12, 1989.) At the hearing, the plaintiff presented a letter alleged to be a protest to the Commission's proposed action from W. Kenneth Albrecht, General Counsel for the Estate of F. Francis D'Addario. (ROR #12, Letter from W. Kenneth Albrecht to Commission, dated May 18, 1991.) Land Surveyors David Ryan and Otto Eckert, who prepared the map that the plaintiff presented, testified that the map was indeed incorrect and explained that the error occurred because the town's current zoning map was unclear (ROR #12.) The plaintiff's attorney suggested to the Commission that a business zone would still reflect the appropriate use for the property, and the proper solution would not be to change the zoning classification of the plaintiff's property back to residential, but rather to re-zone the intervening parcel on the north to business. (ROR #12.)
On June 15, 1989, the Commission voted to approve its own application by a 3-2 vote, and the zoning classification of the subject property was changed back to residential. (ROR #5, Minutes of Regular Meeting, dated June 15, 1989.) Notice of this action was published on June 23, 1989. (ROR #10, Legal Notice, Commission to Newtown Bee, dated June 19, 1989; ROR #8, Certificate of Publication, dated June 23, 1989.) Although the Commission did not state any formal reason for this action, the record indicates that several members believed that the erroneous information in the map was material to their prior decision, in that if they had known that the adjacent parcel was zoned residential, they would not have voted in favor of the previous change to a business zone. (ROR #5.)
Pursuant to General Statutes, Sec. 8-8, the plaintiff served the instant appeal upon the town clerk of the Town of Newtown and the clerk of the Commission on July 7, 1989. In the complaint, the plaintiff alleges that the vote of the board on June 15, 1989 to change the zone of the subject property back to residential was insufficient, because the letter submitted to the Commission during the public hearing was a protest under General Statutes, Sec. 8-3 (b), requiring a two-thirds vote of the Commission to change the zone. The CT Page 214 complaint also alleges that the Commission acted illegally, arbitrarily, and in abuse of its discretion in that the existing factual circumstances did not require the zoning classification of the subject property to be changed. After several extensions of time, the Commission filed the return of record with the court on January 3, 1990.
The hearing before this court took place on September 27, 1991 and October 8, 1991. At said hearing, this court heard this appeal as well as its companion case, Goosman v. Newtown Planning and Zoning Commission, No. CV90-301945 S, an appeal which arose out of a subsequent application to the Commission by the plaintiff involving the same property.
At the hearing, the court (Riefberg, J.) found that the plaintiff was aggrieved. See Bossert Corporation v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39 (1968).
"[A] local zoning authority, in enacting or amending its regulations, acts in a legislative rather than an administrative capacity." (Emphasis in original.) Parks v. Planning Zoning Commission, 178 Conn. 657, 660,425 A.2d 100 (1979). "`The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers . . . . Thus, the court may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion. [Citation omitted].'" Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73, 538 A.2d 1039 (1988). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. " Primerica v. Planning Zoning Commission, 211 Conn. 85,96, 558 A.2d 646 (1989). "`The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. [Citations omitted].'" Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799 (1988).
The plaintiff's first claim is that the vote taken to change the zone of the subject property was insufficient because the letter from W. Kenneth Albrecht presented at the June 15, 1989 public hearing was a protest to the proposed zone change under General Statutes, Sec. 8-3 (b). That section states in relevant part that "[i]f a protest against a proposed change is filed at or before a hearing with the zoning commission, signed by the owners of twenty per cent or more of the area of the lots included in such proposed change . . . . such change shall not be adopted except by a vote of two-thirds of all the members of the commission." In this instance, four of the five members would be required to vote CT Page 215 affirmatively for the action to be effective if the proposed change were protested under the statute. The Commission does not dispute that the Estate of F. Francis D' Addario owns twenty percent of the land surrounding the subject property. Two issues are created by the alleged protest: (1) whether the language of the letter actually constitutes a protest to the proposed change; and (2) whether the author of the letter, W. Kenneth Albrecht, general counsel to the D'Addario estate, can be considered an "owner" for the purposes of General Statutes, Sec. 8-3 (b).
In the letter, Attorney Albrecht states that he is writing on behalf of the estate "in support of the zone change from R-1 to B-2 which was recently given to Thomas Goosman," and that the estate "would prefer to see that property zoned general business B-2." (ROR #12.) In a recent Superior Court decision construing General Statutes, Sec. 8-3 (b), it was stated that "[f]or the purposes of this statute, a protest is' a document sufficiently definite in terms to be clearly a protest against the proposed change of zone', Kirkham v. Finnemore, 16 Conn. Sup. 38, 39 (1948)." Civitello v. Milford Planning and Zoning Board, 5 CSCR 528,529 (June 26, 1990, Sequino, J.). The letter written by Attorney Albrecht refers only to the Commission's prior decision to change the zone of the subject property to business, not to its subsequent proposed change back to residential. Furthermore, the letter indicates merely a preference that the subject property be zoned for business, not a "sufficiently definite" protest to the proposed zone change. Id., 529. Therefore, the court finds that the letter was not a sufficient protest to invoke the two-thirds vote provision of General Statutes, Sec. 8-3 (b) and, accordingly, the vote of the Commission was sufficient to enact the zone change.
The court having found that the letter is not a protest, it need not consider whether the general counsel to the estate, Attorney Albrecht, can be considered an owner under the statute.
The plaintiff's second claim is that the Commission acted illegally, arbitrarily, and in abuse of its discretion because the existing circumstances did not require the zone of the subject property to be changed to residential. His argument is that the error in the map does not change the fact that a business zone reflects the proper use for the property, and that the proper solution is to re-zone the intervening parcel to business.
While the Commission did not formally state the CT Page 216 reasons for its action, "there is no requirement that a zoning commission state the reasons for its denial. . . ." Calandro v. Zoning Commission, 176 Conn. 439, 441,408 A.2d 229 (1979). When a zoning commission does not state on the record the reasons for its action, "the trial court must search the record to find a basis for the action taken." A.P. W. Holding Corporation v. Planning Zoning Board,167 Conn. 182, 186, 335 A.2d 91 (1974). In this case, the basis for the Commission's action was the error in the map that the plaintiff presented at the hearing upon his original application for a zone change. This is evident by the fact that the Commission decided to make its own application for a zone change only after it learned that the map was in error and that the existing business zone did not abut the subject property. (ROR #14.) The plaintiff does not dispute that the map was in error. (ROR #4, Minutes of Regular Meeting, dated May 18, 1989.) Under the circumstances, the Commission's action is reasonably supported by the record since a zoning commission must "be free to modify its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change." Malafronte v. Planning 
Zoning Board, 155 Conn. 205, 209, 230 A.2d 606 (1967). Malafronte contemplates the authority of a zoning commission to reconsider decisions that may have been predicated on erroneous information.
The letter presented to the Commission by the plaintiff's counsel during the May 18, 1989 public hearing is not a protest under the terms of General Statutes, Sec.8-3 (b), and therefore the vote of the Commission was sufficient to change the zone classification of the subject property to residential. The Commission did not act illegally, arbitrarily, or in abuse of its discretion in taking that action since the record reasonably supports the decision.
Accordingly, this appeal is dismissed.
MORTON I. RIEFBERG, JUDGE