[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 12, 1995, the plaintiff appealed to this court from the August 24, 1995 decision of the defendant Zoning Board of Appeals to deny his appeal of their decision to uphold the zoning enforcement officer's issuance of a Cease and Desist Order against him. The appeal was denied "due to the fact that there has been a change of use of the property and that there was a violation of the zoning regulations." (Rec. 10). The defendant admits that the plaintiff is an aggrieved person.
The plaintiff owns property at 186 North Elm Street, Torrington, which is now in an R-6 zone. One May 10, 1995, the Zoning Enforcement Officer issued to the plaintiff a Cease and Desist Order stating as follows:
 An investigation of the property by this Department found the following condition(s) presently exists: Operation of a Motor Repair Garages, Retail Vehicle Parts Store, and the storage of unregistered vehicles and vehicle parts without proper approvals is not allowed.
 This condition(s) violates Section(s) 6.2, 6.6, and 8.4 of the Zoning Regulations.
Section 6.2 is entitled "Automobile Establishments-Motor CT Page 4096 Vehicle Dealer, Vehicle Repairer, Gasoline Sales," and subsection 6.2.1 Location Approval provides that,
 A. Automobile establishments and automobile service stations shall obtain location approval from the Zoning Board of Appeals as required by the Connecticut General Statutes.
Section 6.6 is entitled "Junk Yards," and subsection 6.6.1 provides that:
 An unregistered motor vehicle not stored within a completely enclosed structure is classified as junk. . . .
Subsection 6.6.2 provides that
 All junk is to be placed in a junk yard. The sole exception is that junk used as a raw material in manufacturing may be stored on the same lot where the manufacturing occurs. . . .
Section 8.4 is entitled "Site Plan Review" and subsection 8.4.1 provides that
 A. Site plan approval from the Planning Commissioner shall be obtained prior to obtaining a Zoning Permit for the construction, expansion, outside alteration, or change of use of any building or structure. Site plan approval shall also be obtained prior to obtaining a Zoning Permit for the erection of any sign, the alteration or expansion of a parking area, or any change of use of a lot. . . .
In his appeal brief the plaintiff in turn discusses the three conditions alleged to constitute violations of the zoning regulations.
A. Storage of unregistered vehicles and vehicle parts.
Counsel for the defendant conceded at the administrative appeal hearing before this court on April 1, 1996, that it was the City's obligation to remove the unregistered vehicles and that the plaintiff could not have legally removed them. CT Page 4097
Therefore the plaintiff's appeal is sustained as to that part of the cease and desist order which ordered the plaintiff to discontinue and/or remedy the violation described as "the storage of unregistered vehicles. . . ."
Neither the plaintiff's appeal from the Zoning Board of Appeals nor his brief makes a claim that the Board acted illegally in that part of the Cease and Desist Order which referred to "storage of . . .vehicle parts without proper approvals. . . ." Therefore it is not necessary for the court to review that part of the Cease and Desist Order. Furthermore, Record Item 12, Pages 13, 20, 21 and 43 show the presence of tires, metal and pieces of other material. These are junk as defined for the regulations and Section 6.6.2 of the Regulations states that "(a)ll junk is to be placed in a junk yard." The defendant's premises indisputably do not qualify as a junk yard.
B. Operation — Change of Use.
The plaintiff claims that his use of the property is a protected non-conforming use in that there has been no change of use; that the "property was always used for industrial purposes and/or minor motor vehicle repair and/or storage and it continues to be used for those purposes."
The defendant Board in its brief argues that the Cease and Desist Order was proper for several reasons.
A. Storage of Vehicle Parts
The Board claims that record item 12, p. 43 clearly shows that tires and other junk parts were on the property, which constitutes a violation of Section 6.6 of the defendant's zoning regulations.
B. Non-conforming Uses — Change
The defendant Board argues that the plaintiff has not met his burden of showing a valid nonconforming use, and that the plaintiff's argument that since the property in 1989 was in an industrial zone, it could be used for any purpose allowable in the 1989 regulations regarding industrial use, is an incorrect argument. The zone was changed to residential in 1993 from industrial. CT Page 4098
The defendant also argues that the plaintiff changed the use of the "federal express" building from warehousing to manufacturing, which is a change of use requiring site plan approval.
The defendant further argues that the repair of motor vehicles that is being done on the property cannot be done without location approval, which was not obtained.
Scope of Review
 The plaintiff shoulders the burden of proof when challenging a decision of an administrative agency. Newtown v. Keeney, 234 Conn. 312, 319, 661 A.2d 589 (1995); Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587-88, 628 A.2d 1286
(1993); Red Hill Coalition, Inc. v. Conservation Commission, 212 Conn. 710, 718, 563 A.2d 1339 (1989). A showing by the plaintiff that another decision maker might have reached a different conclusion does not satisfy this burden. Newtown v. Keeney, supra, 319; DeBeradinis v. Zoning Commission, 228 Conn. 187, 198, 635 A.2d 1220 (1994). Instead, the plaintiff must establish that substantial evidence does not exist in the record to support the agency's decision. Samperi v. Inland Wetlands Agency, supra, 587; Feinson v. Conservation Commission, 180 Conn. 421, 425, 429 A.2d 910 (1980). Should substantial evidence exist in the record to support any basis or stated reason for the agency's decision, the court must sustain the decision. DeBeradinis v. Zoning Commission,
supra, 199; Primerica v. Planning Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989). The reviewing court may grant relief from the agency's decision only where the decision is "arbitrary, illegal or not reasonably supported by the evidence." Red Hill Coalition, Inc. v. Conservation Commission, supra 718.
 "This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . The United States Supreme CT Page 4099 Court, in defining substantial evidence in the directed verdict formulation, has said that it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney, supra, 234 Conn. 319-20.
Keiser v. Conservation Commission, 41 Conn. App. 39, 41-42 (1996).
Merits of the Appeal
The plaintiff argues that the Board erroneously found that he does not have a valid nonconforming use of the premises.
He alleges that the building to the rear of the property was always used for storage and/or minor auto repairs, and that it has continued to be used for exactly those same purposes.
Non-conforming use is defined in the Torrington Zoning Regulations as "a use or activity which was lawful prior to the adoption or amendment of the zoning regulations but which fails, because of such adoption or amendment, to conform to the present requirements of the Zoning Regulations."
 "For a use to be considered nonconforming. . . that use must possess two characteristics. First it must be lawful and second, it must be in existence at the time that the zoning regulation making the use nonconforming was enacted." (Emphasis in original) Helicopter Associates, Inc. v. Stamford, 206 Conn. 700, 712 (1987).
Cummings v. Tripp, 104 Conn. 67, 92 (1987).
Therefore, for the use to be nonconforming in this case it must have actually existed at the time this property was rezoned from industrial to residential in 1993.
The plaintiff conceded (Rec. 12, p. 21), that the present use of the Federal Express building is manufacturing of race cars, wholesaling of speed parts and retail sales. He has not shown that such use existed in 1993, and therefore it is not a legal nonconforming use. A variance would be required because manufacturing isn't permitted in an R-6 zone. Further the prior use was a wholesale distribution operation (Rec. 12, p. 15). CT Page 4100 Section 8.4.1 of the regulations requires site plan approval for the change of use of any building or structure. Therefore this use of the premises is in violation of Section 8.4 of the zoning regulations.
As to the building in the rear, the plaintiff concedes that people are working on their cars there and one tenant has roofing materials stored there (Rec. 12, p. 22). In the Cease and Desist Order it was alleged that the property was being used for "Operation of a Motor Vehicle Repair Garage", in violation of Section 6.2.1 A of the zoning regulations which requires location approval from the Zoning Board of Appeals for "automobile establishments and automobile service stations." No location approval was sought or obtained.
The building in the rear is a nine bay garage; at least some of the bays were being used for auto repair and two of the other buildings on the property were being used for auto repair. (Rec. 12, p. 15)
The plaintiff submitted a letter at the hearing (Rec. 7) from Bidwell B. Phillips, dated April 28, 1995, which stated that the premises "was in my family for years. . . and to the rear of the property there is a nine bay brick building." and that as "far back as I can remember, this brick building was used for motor vehicles, storage and there were personal minor motor vehicle repairs done there. It is my understanding that the use as I have described in this letter started when the building was first constructed and continued until the property was sold by my family."
The defendant was free to accept or reject the statements contained in this letter, and furthermore the force of the letter is somewhat attenuated by Mr. Phillips statement in the last paragraph that "it is my understanding that the use as I have described. . . continued until the property was sold by my family." The words, "It is my understanding" suggest that Mr. Phillips was told this, rather than having observed it himself. It is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached.
Calandro v. Zoning Commission, 176 Conn. 439, 440, 408 A.2d 229
CT Page 4101 (1979). The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. Goldberg v.Zoning Commission, 173 Conn. 23, 26, 376 A.2d 385 (1977).Primerica v. Planning Commission, 211 Conn. 85, 96 (1989).
Therefore, the defendant could reasonably have found that the plaintiff did not sustain his burden of proving a non-conforming use in the rear building.
Conclusion
As previously stated, the plaintiff's appeal is sustained as to the storage of unregistered vehicles.
As to the other conditions specified in the Cease and Desist Order, the court finds that the plaintiff has not proved that substantial evidence does not exist in the record to support the Board's decision. The court further finds that the defendant's decision is not arbitrary, illegal or unreasonable. As to these conditions therefore, the appeal is dismissed.
RICHARD A. WALSH, J.