[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Shelton Board of Zoning Appeals granting a variance for the rear setback line at #2 Wabuda Place in the City of Shelton.
The defendant Scott Wasilewski one of the owners of the property originally applied to the Planning and Zoning Commission for a certificate of zoning compliance to enable him to build two buildings: one a barn, the second a greenhouse. They originally granted such certificate. It was later found that the certificate CT Page 8725 was issued in error. An order to cease and desist was issued but no action thereon was to take place until the Board of Zoning Appeals heard the matter and issued a ruling.
Mr. Wasilewski went to the Board of Zoning Appeals and, after a hearing on his application, was granted a variance. The plaintiffs herein, abutting landowners appealed from the Board's decision.
The application for the variance was filed with the Board of Zoning Appeals requesting a variance in an R-1 residential zone to allow the construction of two greenhouses, a permitted use in such zone, however, such use required a 100 foot setback from all property lines and street lines. The application is for a variance of the front and rear setback lines to 65 feet and 50 feet respectively. (See Return of Record, 1).
The advertisement for the hearing indicated the application was "for a certificate of approval for two greenhouses at 2 Wabuda Place which proposal is a zoning nonconformance as to permitted use number 11."
Section 23.1, Schedule A of the Shelton Zoning Regulations permitted use number 11 allows in an R-1 residential zone.
 "Commercial nurseries including greenhouses incidental thereto, provided that any building in connection therewith is located not less than 100 feet from any property or street line and that there is no sale of products on the premises other than those grown on the premises."
A public hearing was held on the application. On April 21, 1995, the Board voted to grant a variance of the rear setback line from 100 feet to 50 feet pursuant to Sec. 24.4, Schedule B, Standard 8. The notice of the granting of the variance printed in the local newspaper states in item number 1 that a variance in the rear yard setback granted.
The application requested a variance of permitted use number 11 in an R-1 residential zone. Permitted use number 11 is a permitted use under Section 23.1, Schedule A of the Shelton Zoning Regulations. This use required a setback of 100 feet from any property line as well as the setback from the street line. CT Page 8726
In granting the variance, the Board permitted only one greenhouse and varied only the rear setback from 100 feet to 50 feet. A reference is made to Section 24.4, Schedule B, Standard 8. The court notes a misprint in the Regulations wherein, under Section 24, the paragraph entitled "Setbacks" is identified as 23.4 not 24.4.
Sec. 24.4, Schedule B, Standard 8 of the regulations states:
 "No building or other structure shall be located less than the minimum setback distances from any street line, rear property line, other property line or Residence District boundary line as specified in Schedule B except as follows."
Schedule B, Standard 3 of the regulations reads as follows:
 "Minimum setback from rear property line R-1 30 feet."
In their granting of the variance, the Board stated that:
 "Therefore, with due consideration for public health, safety, welfare and property values, the approval for the variance in rear yard setback from 100 feet to 50 feet at the above granted. (Section 24.4, Schedule B, Standard 8 in this instance.)"
At all times we are dealing with setbacks and this type of installation, i.e. nurseries, is obviously covered under 23.1, Schedule A, permitted use number 11, Section 24.4, Schedule B, Standard 8 deals with rear yard setbacks generally in an R-1 residential zone.
"As with publication of the pre-hearing notice, the post hearing notice must adequately apprise interested persons of the action by the agency. . . .
Where the amendments finally adopted by the agency differ somewhat from the original action proposed., in, the legal notice, this does not invalidate the agency's decision." FullerLand Use Law and Practice, 46.5, pgs. 748-49. The plaintiff CT Page 8727 appellants can hardly be said to have been misled. At all times we are concerned with a request to install greenhouses to conduct a commercial nursery, with the end product to be sold, grown on site, a permitted use in an R-1 residential zone. A waiver was granted allowing a variance from 100 feet to 50 feet. Section 24.4, Schedule B, Standard 8 requires a minimum setback of 30 feet in an R-1 zone. This setback, however, does not apply to a nursery in an R-1 zone. In that instance, a 100 foot setback is required and it is this setback that the court discerns is being waived.
The court fails to see where anyone can be misled. A rear yard 30 foot setback is required by the Shelton Zoning Regulations in an R-1 residential zone pursuant to 24.4, Schedule B, Standard 8. However, in the case of a commercial greenhouse, a permitted use in an R-1 residential zone, a 100 foot setback is required from all boundaries including the street line. It is this rear setback requirement of 100 feet that is being waived.
The plaintiff's appeal seems to be based on the fact that he Board's decision granted only a rear setback variance and makes reference to § 24, 4, Schedule B, Standard 8.
"The purpose of the notice required by the General Statutes § 8-3 is `fairly and sufficiently to apprise those who may be "affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing.' The statute permits but does not require that the proposed amendment to the . . . regulations be set forth in the notice. `Compliance with the requirements as to notice is a prerequisite to valid action by the board. To be adequate the notice is required to fairly and sufficiently apprise those who may be affected of the nature and character of the action proposed to make possible intelligent preparation for the participation in the hearing.'" Kleinsmith v. Planning and ZoningCommission, 157 Conn. 303, 310. (Internal citations omitted).
The application and the notice refer to permitted use number 11. Section 23.1, Schedule A refers to any permitted use under the Zoning Regulations. It is the only section of these regulations that relate to permitted uses. The application is for a variance of permitted use number 11 which allowed commercial greenhouses with a setback of 100 feet from all property lines. The court is of the opinion that the parties have been fairly apprised of the nature of the, owner's request so as to allow CT Page 8728 them to intelligently prepare for the hearing. There is nothing in the record that might indicate that the Board had any other purpose than to appropriately apprise the aggrieved parties of the nature of the hearing to be held. "The very purpose of the hearing was to afford an opportunity to interested parties to express their views at a public hearing. The very purpose of the hearing was to afford an opportunity to interested parties to make known their views and to enable the Board to be guided by them. It is implicit in such a procedure that changes in the original proposal may ensue as the result of the views expressed at the hearing. Notice of a hearing is not required to contain an accurate forecast of the precise action which will be taken upon the subject matter referred to in the notice." Kleinsmith v.Planning Zoning Commission, supra, 311. (Internal quotations and citations omitted).
While the notice of decision made reference to § 24.4, Schedule B, Standard 8, it is obvious from the minutes of the hearing that being considered was a variance of § 23.1, Schedule A requesting a waiver of the front and rear setback so as to allow the installation of greenhouses, a permitted use in an R-1 residential zone. The Board saw fit only to waive the rear setback from 100 feet to 50 feet.
A zoning board of appeals has the power to:
 ". . . determine and vary the application of the zoning by-laws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for considering the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to the conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . ."
Connecticut General Statutes § 8-6.
"Whenever a zoning board of appeals CT Page 8729 grants or denies any . . . variance in the zoning regulations application to any property . . . it shall state upon its records the reason for its decision and the zoning by-law, ordinance or regulation which is varied in its application . . . And when a variance is granted, describe specifically the exceptional difficulty or unusual hardship on which its decision is based. . . ."
Connecticut General Statutes § 8-7.
The Board of Zoning Appeals has stated upon the minutes of its meeting the reasons for its granting of the particular variance. The reasons as given were that this was the best location in order to receive the required sunlight exposure and the topography of the land. An additional reason given was that the Planning and Zoning Commission had erred in granting the original approval thereby causing the applicant hardship.
While an error on the part of the Planning and Zoning Commission, unless there has been a vesting, can hardly be called a hardship, the same cannot be said relating to the topography of the land. "`A hardship resulting from the peculiar topography or condition of the land or a particular location which makes the property unsuitable for the use permitted in the zone in which it lies may well be such a hardship as is contemplated by the ordinance.'" Plumb v. Board, of Zoning Appeals, 141 Conn. 595,601, 108 A.2d 899; Fiorilla v. Zoning Board of Appeals,144 Conn. 275, 280. Fuller, on Land Use Law and Practice, supra, § 9.3, pg. 153.
The Board has spread upon the minutes of its meeting the reasons for its granting of a variance and specifically stated the particular variance that it was granting. The court should not substitute its judgment for that of the Board of Zoning Appeals. Calandro v. Zoning Commission, 176 Conn. 439, 442. The court finds that the Board has not acted in any illegal, arbitrary manner or in abuse of its discretion. Judgment may enter for the defendants herein.
CURRAN, J. CT Page 8730