[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the action of the Planning Zoning Commission of the Town of Lisbon (hereinafter the Commission) denying plaintiff's application for an amendment to the zoning regulations.
For reasons hereinafter stated, the decision of the Commission to deny the application is affirmed.
General Statutes § 8-6(b) limits appeals such as the present action to persons who are aggrieved by the decision appealed from. The record indicates that plaintiff, a resident of the Town of Lisbon, is the person who filed the application to amend which is the subject of this appeal. It is, therefore, concluded that plaintiff is aggrieved and has standing to prosecute this action.
No jurisdictional defects have been claimed and it appears that all notices required have been published in accordance with CT Page 15006 applicable statutes.
The record indicates that on August 5, 1997, the Commission received plaintiff's application to amend the zoning regulations by:
 Modification of section 6.4.17 and section 9.11.13 to allow disposal of waste other than ash in a lined landfill in conjunction with and/or adjacent to a waste-to-energy or resource recovery facility. See attached language.
Language covering specific modification of each section was included with the application.
At the time of the application, the zoning regulations of the Town of Lisbon allowed, by special permit, in Industrial Park Districts under § 6.4.17, waste-to-energy resource recovery and recycling facilities. This section also allowed lined ash landfills operated in conjunction with and adjacent to waste-to-energy or resource recovery facilities.
Section 9.11.13b, c and h set forth conditions for the uses allowed under § 6.4.17.
Although not mentioned in plaintiff's application, the language covering the proposed amendments attached to the application include amendments to § 2.2.5j and 10.3.11 which also cover uses allowed by § 6.4.17.
Under the zoning regulations, as they existed at the time the amendments were proposed, landfills were expressly prohibited within the town except for "lined ash landfills operated in conjunction with and adjacent to waste to energy resource recovery and recycling facilities . . ."
The regulations provided for the deposit of ash from an incinerator facility into an adjacent lined landfill and prohibited all other types of landfills.
The proposed amendments would alter the prohibition against landfills to the extent that bulky waste and special waste could be trucked into the lined ash landfill.
Public hearings were held on the application on September 17, 1997 and October 7, 1997. At these hearings, parties in favor of CT Page 15007 the amendment and those opposed were allowed to present their views and introduce evidence and exhibits. On November 5, 1997, the Commission voted unanimously to deny the application for amendment of the zoning regulations. In doing so, the Commission failed to state the reasons for its denial on the record.
This appeal followed the denial.
Where, as here, the Commission has failed to state the reasons for its actions on the record, the Court must search the record to determine whether the evidence in the record supports the decision. Parks v. Planning Zoning Commission,178 Conn. 657, 662 (1979).
When acting on a petition to amend the zoning regulations, the Commission was acting as a legislative body. Pierrepontv. Zoning Commission, 154 Conn. 463, 468 (1967).
When the Commission is acting within its prescribed legislative powers, a court cannot substitute its judgment for the wide and liberal discretion vested in the local zoning authority. A court must not disturb the decision of the zoning commission unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally.Burnham v. Planning Zoning Commission, 189 Conn. 261,266 (1983). The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution.Burnham, Id. The Commission's authority to amend its regulations is not unfettered. In considering amendments, it must follow the law. Woodford v. Zoning Commission,147 Conn. 30, 32 (1959).
Conclusions reached by the Commission must be upheld by the if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. Calandrov. Zoning Commission, 176 Conn. 439, 440 (1979).
The background to the proposed amendments is not greatly in dispute and may be determined from the record. The record indicates that the zoning regulations were amended in 1988 to allow a waste-to-energy, resource recovery and recycling facility for solid waste (an incinerator). At about the same time, the CT Page 15008 zoning regulations were also amended to permit a lined ash landfill operation in conjunction with and adjacent to the incinerator. The amendment allowed the disposal of ash generated by the incinerator in an adjacent lined landfill. Other types of landfills were prohibited by the regulations.
A special permit for an ash landfill was obtained from the appropriate Lisbon zoning local authority under the amendment. No state permit for an ash landfill has ever been obtained for the site, however, and it is doubtful that one will be issued. By letter dated April 30, 1997, Mr. Phil Armetta, the actual party at interest in the amendment, was informed by the Department of Environmental Protection that other disposal areas for ash residue were sufficient for state needs for the next 20 years and that it was doubtful his application for such a facility in Lisbon would be approved.
The Department indicated, however, that it might be supportive of a lined landfill for the deposit of bulky and other special wastes in Lisbon. The proposed amendment would allow lined landfills for the disposal of these items by special permit in the Town of Lisbon. Such items are defined in § 22a-209-1
of the regulations of the Department of Environmental Protection as:
 "Bulky waste" means land clearing debris and waste resulting directly from demolition activities other than clean fill.
 "Special wastes" means the following wastes, so long as they are not hazardous waste pursuant to § 22a-115 of the General Statutes or radioactive material subject to § 22a-148 of the General Statutes: (1) water treatment, sewage treatment or industrial sludges, liquid, solids and contained gases; fly-ash and casting sands or slag; and contaminated dredge spoils; (2) scrap tires; (3) bulky waste, as defined in this section; (4) asbestos; (5) residue; and (6) biomedical waste.
The principal issues discussed at the public hearing on the amendment involved concerns over increased traffic and environmental concerns.
In the event that the amendments were approved and a special permit granted for the area which now has the permit for the ash landfill, it was estimated that 57 trucks would be using the CT Page 15009 facility each day. Aside from general concerns, the only evidence on the subject indicates that the streets and highway were adequate to handle this increased traffic. There was very little discussion of possible traffic problems at the public hearings.
There was considerable discussion, however, on environmental concerns and the effect which this type of landfill could have on the town and the area.
The Commission was in possession of a letter from the board of selectmen of the town expressing the board's unanimous opposition to the amendment.
The planning department of the City of Norwich also communicated with the Commission expressing concern about the amendment in view of the proximity of the proposed landfill site to the Shetucket River and the potential impact which it could have on existing and future water quality goals and fisheries. Concern was also expressed about the visual impact which the proposed site would have on residential areas on the Norwich side of the river. The planning department recommended that the amendment not be passed until these problems could be resolved.
In a letter to the Commission dated September 25, 1997, the chairman of the Southeastern Connecticut Council of Governments expressed serious concern over the environmental impact which a facility allowable under the amendment could have on the Shetucket River. The council recommended against the amendment.
James D. Rabbitt, the Lisbon town planner, in his report to the Commission pointed out the significance of the amendment and that the change in the regulations would not be minor. Under the amendment, it was pointed out that waste from outside of the town would be trucked into the landfill. The waste could include biomedical waste, contaminated soil, industrial sludge and other types of material not defined as hazardous waste, but considered toxic.
Planner Rabbitt's report states that facilities such as the lined landfill which would be allowed by special permit under the amendment were designed to lessen the environmental impact connected with the receipt of such waste material but that accidents could happen and that no one could ensure that there would be absolutely no environmental risks associated with this type of landfill contemplated. CT Page 15010
In this connection, the Commission had before it a document entitled "The Basics of Landfills" which set forth, in some detail, the danger of failure in liners and covers used in landfills such as would be allowed under the regulations.
Members of the general public also spoke against the amendment. Most of these speakers expressed general concerns about the impact which the amendment could have on the town. Some speakers pointed out the disastrous effect which a landfill in an area town had on an adjacent stream.
Although plaintiff disputes the evidence and argues that there was evidence to the contrary in the record, the decision of the Commission must be upheld if it is reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the Commission. Calandro v. ZoningCommission, supra, 176 Conn. 440.
In this case, the decision of the Commission is reasonably supported by the record.
Accordingly, judgment is rendered against the plaintiff and the action of the Commission denying the application to amend the zoning regulations is affirmed.
Joseph J. Purtill State Trial Referee